**NOT FOR PUBLICATION**

AUG 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ROSENFELD, | No. 11-73362 |
| Petitioner - Appellant, | Tax Ct. No. 012373-07 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 9, 2013**
Pasadena, California

Before: BENAVIDES,*** BYBEE, and NGUYEN, Circuit Judges.

Michael Rosenfeld appeals the tax court's determination that he was liable

for a tax deficiency of $2,609 for tax year 2003. The tax court held that, after

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

working for the British Consulate General ("BCG") in 2003, Rosenfeld overcontributed a portion of his BCG income to a simplified employee pension plan ("SEP"), and then improperly deducted that contribution on his 2003 tax return. The court found that, as a common law employee of the BCG, Rosenfeld was not an "employer" under § 401(c)(4) of the Internal Revenue Code with respect to his BCG earnings, which barred him from contributing to an SEP and deducting contributions based on those earnings. We affirm the tax court's judgment.

The tax court's determination that Rosenfeld was a common law employee of the BCG "involves a mixed question of law and fact that is predominantly one of fact which this court reviews for clear error." *Chin v. United States*, 57 F.3d 722, 725 (9th Cir. 1995). Taking into account "all of the incidents" of Rosenfeld's employment relationship, *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992), we conclude that the tax court did not clearly err in holding that Rosenfeld was a common law employee of the BCG in light of certain frequently considered criteria, *see id.* at 323–24 (identifying non-exhaustive list of criteria); *Prof'l & Exec. Leasing, Inc. v. Comm'r*, 862 F.2d 751, 753 (9th Cir. 1988) (same). Of particular importance, we find no clear error in the court's determination that Rosenfeld's letter of appointment showed that the BCG had the right to exercise

control over Rosenfeld's work. *See Chin*, 57 F.3d at 725 (describing "right to control" as "the fundamental test in distinguishing employees from independent contractors" (internal quotation marks omitted)). Nor do we find clear error in the court's determination that the letter of appointment failed to indicate that the BCG intended to hire Rosenfeld as an independent contractor.

With respect to whether Rosenfeld, as a common law employee of the BCG, still could have contributed to an SEP based on his BCG earnings, we review the tax court's interpretation of the Internal Revenue Code de novo. *Acar v. Comm'r*, 545 F.3d 727, 731–32 (9th Cir. 2008). Because he did not own any interest in the BCG, Rosenfeld was not an "employer" under I.R.C. § 401(c)(4) with respect to his BCG earnings, thus leaving him ineligible to contribute to an SEP and deduct contributions based on those earnings. *See* I.R.C. §§ 404(a), (h), 408(k)(2), (7). The Code is unambiguous on this issue, and we therefore need not reach Rosenfeld's argument that Treasury regulations and revenue rulings supporting the tax court's interpretation are invalid. *See Metro Leasing & Dev. Corp. v. Comm'r*, 376 F.3d 1015, 1024 (9th Cir. 2004).

**AFFIRMED.**